IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00090-MSK-MEH

JAMES WILLINGHAM,

    Plaintiff,

v.

OMAHA WOODMEN LIFE INSURANCE SOCIETY, a Nebraska corporation,

    Defendant.

---

**ORDER ON JOINT MOTION TO STAY**

---

Pending before the Court is a Joint Motion to Stay Rule 26(f) Scheduling Order Deadline and Scheduling Conference [filed February 5, 2009; docket #9], which the Court construes as a motion to stay discovery in this matter. The matter has been referred to this Court for disposition [docket #11]. For the reasons stated below, the parties' motion is **denied**.

**I.    Background**

Plaintiff instituted this action on January 16, 2009. In essence, Plaintiff alleges that Defendant breached a contract and committed bad faith insurance practices by denying life insurance benefits. *See* Complaint [docket #1-2]. Following removal of the action from state court, Defendant filed a Motion to Compel Arbitration, which is pending before the District Court. *See* docket #4. The parties then filed the within motion to stay discovery, alleging that "discovery will be unnecessary if the Court grants the Motion to Compel Arbitration," and "the parties wish to limit the costs of this matter while the [motion] is pending." *See* docket #9 at ¶¶ 4, 6.

**II.    Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound

discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, the parties seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).

In this matter, staying the case while Defendant's motion to compel arbitration is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. The parties claim that a stay of proceedings is warranted because "the parties wish to limit costs" and "neither party will be prejudiced by a stay." Docket #9 at ¶¶ 6, 7. However, parties always are burdened with costs when a lawsuit is filed, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Moreover, the parties do not argue that no discovery will take place if the case goes to arbitration; therefore, it is likely that the parties will engage in some form of discovery, even if the motion to compel is granted. Hence, there is no evidence of a special burden on the parties in this matter.

Generally, it is the policy in this district not to stay discovery pending a ruling on dispositive motions. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the

motion to stay discovery be denied.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Joint Motion to Stay Rule 26(f) Scheduling Order Deadline and Scheduling Conference [filed February 5, 2009; docket #9] is **denied**.

In addition, there appears to be some confusion by the parties as to deadlines in this matter. This Court's minute order of January 21, 2009, states that the deadline for the Rule 26(f) meeting is February 13, 2009, and the deadline for filing a proposed Scheduling Order is no later than five business days before the Scheduling Conference.

Dated at Denver, Colorado, this 6th day of February, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge