IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00090-MSK-MEH

JAMES WILLINGHAM,

    Plaintiff,

v.

OMAHA WOODMEN LIFE INSURANCE SOCIETY,

    Defendant.

_____

**OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Compel Arbitration and to Dismiss, or, in the Alternative, to Stay **(# 4)**, the Plaintiff's response **(# 17)**, and the Defendant's reply **(# 26)**.

According to the Complaint **(# 2)**, in February 2006, the Plaintiff's wife was solicited to purchase a life insurance policy (with the Plaintiff as the beneficiary) by an agent of the Defendant. The Plaintiff contends that, being fully apprised of the facts, the Defendant's agent instructed the Plaintiff's wife to give certain answers to questions on the application for insurance concerning the Plaintiff's wife's medical history. The Plaintiff's wife passed away on January 31, 2008, and the Plaintiff applied for benefits under the life insurance policy. On April 8, 2008, the Defendant denied benefits, claiming that the Plaintiff's wife had made material misrepresentations about her health on the application form. The Plaintiff asserts two claims for relief: (i) breach of contract, in that the Defendant has failed to pay benefits that the Plaintiff is

entitled to under the policy; and (ii) bad faith breach of insurance contract, based on similar facts.

The Defendant moves (# 4) to stay or dismiss this action and to compel arbitration of the dispute pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. The Defendant, an entity that operates as both a fraternal benefit society and an insurer, contends that the Plaintiff is obligated by Article 8 of the Defendant's Constitution and laws to submit all disputes regarding insurance to binding arbitration.

The Plaintiff responds (# 17) that because he is requesting exemplary damages on the bad faith claim, and because C.R.S. § 13-21-102(5) prevents arbitration tribunals from awarding exemplary damages, he is entitled to have at least the bad faith claim heard by a jury.

In reply, the Defendant contends that under the FAA, federal law, not state law, governs the enforcement of arbitration agreements, and that the Plaintiff's claim for exemplary damages is cognizable in an arbitral forum under federal law.

The Court notes that the Defendant's position is roundly supported by both federal and state caselaw. *See Pyle v. Securities U.S.A., Inc.*, 758 F.Supp. 638, 640 (D.Colo. 1991) ("absent an agreement by the parties that state arbitration law should govern, state arbitration law restricting an arbitrator's power to award punitive damages does not apply to an action under the FAA"); *Barton v. Horowits*, 2000 WL 35346163 (D. Colo. Mar 6, 2000) (unpublished) (same); *Barrett v. Investment Management Consultants, Ltd.*, 190 P.3d 800, 803-04 (Colo. App. 2008) (confirming arbitral award issued pursuant to Federal Arbitration Act, despite the fact that the award included fees prohibited under Colorado law, relying on *Pyle* and *Barton*, among others), *and cases cited therein*.

Beyond citation to the Colorado statutory provision, the Plaintiff cites to no authority that would suggest that arbitration of the claims under the Federal Arbitration Act would deprive him of any of the remedies requested in the Complaint, and for the reasons stated in the cases cited above, the Court finds that the Plaintiff is free to pursue all of his claims and requested remedies, including exemplary damages, in an arbitral forum.       The Plaintiff raises no other arguments that the claims here are no arbitrable, and thus, the Court finds that the arbitration provision cited by the Defendant requires the Plaintiff to pursue these claims in an arbitral forum.  Accordingly, the Court grants the Defendant's Motion to Compel arbitration.

Although the Defendant seeks dismissal of the case on subject matter jurisdiction grounds, it is clear from 9 U.S.C. § 3 that the Court is required to stay, not dismiss, the action pending arbitration.  Thus, the Court stays all further proceedings in this action pending the parties' submission of the dispute to an arbitrator.  It appearing there will be no further proceedings in this action, the Clerk of the Court is directed to close this case administratively, subject to a motion to reopen by either party should it be necessary for the Court to issue additional orders.

For the foregoing reasons, the Defendant's Motion to Compel Arbitration **(# 4)** is **GRANTED**.  The parties shall proceed to arbitrate the claims in this case according to the procedures set forth in the terms of Article 8, Section 2(c), Step 3 of the Defendant's

Constitution and Laws.  Pursuant to 9 U.S.C. § 3, the case is **STAYED** in all respects pending arbitration, and for administrative purposes, the Clerk of the Court shall close this case.

Dated this 19th day of August, 2009

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge